1
2
3
4
5
6
7

8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PAPA JOSEPH ALLDREDGE,                    Civil No.   10-1683 JLS (CAB)

12                              Petitioner,
                                              **ORDER DISMISSING CASE**
13              v.                            **WITHOUT PREJUDICE AND WITH**
                                              **LEAVE TO AMEND**
14   ARNOLD SCHWARZENEGGER,

15                              Respondent.

16          Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254.

18          **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19          Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20   pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

21   qualified to proceed in forma pauperis.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

22          **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

23          Upon review of the Petition, it also appears to the Court that a Petition for Writ of Habeas

24   Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents.

25   Challenges to the fact or duration of confinement are brought by petition for a writ of habeas

26   corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought

27   pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475,

28   488-500 (1973).  When a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id*. at 500.  On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.  *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.  Petitioner's main complaint is that he has inadequate access to the law library and the library refuses to make copies of Petitioner's filings.  Petitioner's claims are  not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).  "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).

In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States.  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

## **VENUE**

Further, it is not clear from the petition that this Court is the proper venue.  A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973).  Petitioner is presently confined at High Desert State Prison, located in Lassen County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California.  *See* 28 U.S.C. § 84(b).  Petitioner does not identify / / /

1  a state court conviction which he seeks to challenge in his petition.  Thus, it is unclear whether

2  this Court has jurisdiction in this matter.

3       Petitioner is advised that if he files a First Amended Petition in this case, he must clearly

4  state the conviction he seeks to challenge.  Petitioner is also advised that in order for this Court

5  to have jurisdiction over his petition, he must challenge a state court conviction that occurred

6  in either San Diego or Imperial Counties.

7                      **FAILURE TO USE PROPER FORM**

8       Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with

9  the Local Rules of the United States District Court for the Southern District of California.  *See*

10  Rule 2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

11  submitted upon a court-approved form and in accordance with the instructions approved by the

12  Court.  Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

13  approved form.

14              **FAILURE TO NAME PROPER RESPONDENT**

15       Review of the Petition also reveals that Petitioner has failed to name a proper respondent.

16  On federal habeas, a state prisoner must name the state officer having custody of him as the

17  respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28

18  U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to

19  name a proper respondent.  *See id.*

20       The warden is the typical respondent.  However, "the rules following section 2254 do not

21  specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the

22  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

23  institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

24  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

25  be the state officer who has official custody of the petitioner (for example, the warden of the

26  prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

27       A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

28  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

1  actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v.*
2  *Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
3  habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
4  body" if directed to do so by the Court. "Both the warden of a California prison and the Director
5  of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d
6  at 895.

7      Here, Petitioner has incorrectly named "Arnold Schwarzenegger," as Respondent. In
8  order for this Court to entertain the Petition filed in this action, Petitioner must name the warden
9  in charge of the state correctional facility in which Petitioner is presently confined or the
10 Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d
11 378, 379 (9th Cir. 1992) (per curiam).

12 **<u>FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES</u>**

13      Finally, Petitioner has failed to allege exhaustion of his state judicial remedies. Habeas
14 petitioners who wish to challenge either their state court conviction or the length of their
15 confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c);
16 *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion
17 requirement, a petitioner must "fairly present[] his federal claim to the highest state court with
18 jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available.
19 *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275
20 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Moreover, to properly exhaust state court
21 remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights
22 have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary
23 ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the</u>
24 <u>Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court."
25 *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

26      Nowhere on the Petition does Petitioner allege that he raised his claims in the California
27 Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so
28 specify.

1    Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

2  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

3  of habeas corpus by a person in custody pursuant to the judgment of a State court.   The

4  limitation period shall run from the latest of:

5          (A) the date on which the judgment became final by the
           conclusion of direct review or the expiration of the time for seeking
6          such review;

7          (B) the date on which the impediment to filing an application
           created by State action in violation of the Constitution or laws of the
8          United States is removed, if the applicant was prevented from filing
           by such State action;

9          (C) the date on which the constitutional right asserted was
10         initially recognized by the Supreme Court, if the right has been
           newly recognized by the Supreme Court and made retroactively
11         applicable to cases on collateral review; or

12         (D) the date on which the factual predicate of the claim or
           claims presented could have been discovered through the exercise
13         of due diligence.

14  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

15    The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

16  is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

17  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

18  when its delivery and acceptance [by the appropriate court officer for placement into the record]

19  are in compliance with the applicable laws and rules governing filings.").  However, absent some

20  other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

21  pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

22    Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

23  habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

24  it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

25  § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

26  habeas relief because he has not alleged exhaustion of state court remedies.

27  / / /

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend.  If Petitioner wishes to challenge the validity of a state court conviction via a habeas corpus action, he must submit, **no later than <u>October 25, 2010</u>:** (1) a copy of this Order with the $5.00 fee **OR** with adequate proof of his inability to pay the fee; **AND** (2) a First Amended Petition which cures the pleading deficiencies outlined in this Order.  If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number.  **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS FORM, A BLANK FIRST AMENDED PETITION FORM, AND A BLANK CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 TOGETHER WITH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED:  August 30, 2010

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge